# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 24-cr-206 (JMB/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Jumoke Ace Maceo Cryer (1), Amir Raheem McKeever (2), and Christopher Charles Traxler (3), | |
| Defendants. | |

Raphael Coburn, Assistant United States Attorney, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for the Government);

Glenn P. Bruder, Mitchell, Bruder & Johnson, 9531 West 78th Street, Suite 210, Eden Prairie, MN 55344 (for Defendant Jumoke Ace Maceo Cryer);

Amir Raheem McKeever, Sherburne County Jail, 13880 Business Center Drive NW, Elk River, MN 55330  (pro se Defendant);

Brian N. Toder, Chestnut Cambronne PA, 100 Washington Avenue South, Suite 1700, Minneapolis, MN 55401 (Standby counsel for Defendant McKeever); and

Aaron J. Morrison and Daniel P. Huddleston, Federal Defenders, Office of the Federal Defender, 300 South Fourth Street, Suite 107, Minneapolis, MN 55415 (for Defendant Christopher Charles Traxler).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on several pretrial motions.

Defendant Jumoke Ace Maceo Cryer has filed the following motions:

1. Motion for Disclosure of Rule 404(b) Evidence, ECF No. 60;

1

2.  Motion for Disclosure of Expert Under Rule 16(a)(1)(G), ECF No. 61;

3.  Motion for Early Disclosure of Jencks Act Material, ECF No. 62;

4.  Motion for Government Agents to Retain Rough Notes, ECF No. 63;

5.  Motion for Grand Jury Transcripts, ECF No. 64;

6.  Motion for Intent to Use Residual Hearsay Exception Under Rule 807, ECF No. 65;

7.  Motion to Disclose and Make Informant Available for Interview and to Disclose Promises of Favorable Treatment, ECF No. 66; and

8.  Motion to Disclose Post-Conspiracy Statements of Co-Defendants or Unindicted Co-Conspirators, ECF No. 67.

Defendant Amir Raheem McKeever has filed the following motions:

1.  Motion for Retention of Tangible Evidence and Like Materials, ECF No. 51;

2.  Motion for Early Disclosure of all Rule 1006 Exhibits and all Supporting Exhibits, ECF No. 52;

3.  Motion for Disclosure of Post Conspiracy Statements of Co-Defendants, ECF No. 53;

4.  Motion for Early Production of Jencks Materials, ECF No. 54;

5.  Motion for Early Disclosure of Government Witnesses, ECF No. 55;

6.  Motion for Discovery, ECF No. 56;

7.  Motion to Reveal the Identities of Confidential Informants and Undercover Officers, ECF No. 57;

8.  Motion for Disclosure of Exculpatory Evidence, ECF No. 58;

9.  Motion for Disclosure of Rule 404(b) Evidence, ECF No. 59; and

10. "Pro Se Additional Motion", ECF No. 87.

Defendant Christopher Charles Traxler has filed the following motions:

1. Motion for Disclosure of Rule 404(b) Evidence, ECF No. 70;

2. Motion for Government Agents to Retain Rough Notes, ECF No. 71; and

3. Request for Discovery and Inspection, ECF No. 73.

A hearing was held on January 6, 2025. ECF No. 77. Assistant United States Attorney Raphael Coburn appeared on behalf of the United States of America (the "Government"). Attorney Glenn Bruder appeared on behalf of Defendant Jumoke Ace Maceo Cryer ("Defendant Cryer"). Attorney Brian N. Toder appeared on behalf of Defendant Amir Raheem McKeever ("Defendant McKeever").[1] Attorney Daniel P. Huddleston appeared on behalf of Defendant Christopher Charles Traxler ("Defendant Traxler"). Based upon the record, memoranda, and oral arguments of counsel, **IT IS HEREBY ORDERED** as follows:

1.    Defendant Cryer's Motion for Disclosure of Rule 404(b) Evidence, ECF No. 60, Defendant McKeever's Motion for Disclosure of Rule 404(b) Evidence, ECF No. 59, and Defendant Traxler's Motion for Disclosure of Rule 404(b) Evidence, ECF No. 70, are **GRANTED IN PART** and **DENIED IN PART**.

Defendant Cryer requests immediate disclosure of Rule 404(b) evidence. ECF No. 60. Defendant McKeever's seeks disclosure three weeks before trial. ECF No. 59. And Defendant Traxler asks for disclosure 28 days before trial. ECF No. 70. In response, the Government proposes to disclose any Rule 404(b) evidence to all three Defendants three

---

[1] As discussed below, attorney Toder is now Defendant McKeever's standby counsel. *See* ECF No. 84.

weeks before trial. *See* Gov't's Consol. Resp. at 16, ECF No. 76.

Federal Rule of Evidence 404(b) requires the Government to provide reasonable written notice before trial when evidence of a crime, wrong, or other act will be used to "prov[e] motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2); *see* Fed. R. Evid. 404(b)(3)(A) (prosecutor must "provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it"), (C) (in writing). The Government is required to "articulate in the notice the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B).

"Rule 404(b) . . . applies to the admission of wrongful-act evidence that is extrinsic to the charged offense." *United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010). It does not apply to intrinsic evidence. *Id.*; *see also United States v. Beltz*, 385 F.3d 1158, 1162 (8th Cir. 2004) ("Evidence that is relevant to the crime charged is not other crimes evidence."). "Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred." *Ruiz-Chavez*, 612 F.3d at 988 (quotation omitted).

Rule 404(b) does not require that the Government "disclose directly or indirectly the names and addresses of its witnesses, something it is currently not required to do under [Fed. R. Crim. P.] 16." Fed. R. Evid. 404(b) advisory committee's notes to 1991 Amendments; *see also United States v. Miller*, 698 F.3d 699, 704 (8th Cir. 2012) ("In 1975, Congress amended Rule 16 to eliminate a requirement that the government disclose its

witnesses prior to trial.").

The Court finds the three-week proposal reasonable. No later than three weeks prior

to trial, the Government shall provide reasonable written notice of all "extrinsic" evidence

then known to the Government that the Government intends to offer within the purview of

Rule 404(b), articulating "the permitted purpose for which the [Government] intends to

offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B).

If the Government subsequently discovers additional extrinsic evidence, it shall provide

reasonable notice of such evidence as soon as practicable after such discovery. *See* Fed. R.

Evid. 404(b)(3)(A). All three motions are denied in part to the extent each motion goes

beyond Rule 404(b).

2.      Defendant Cryer's Motion for Disclosure of Expert Under Rule 16(a)(1)(G),

ECF No. 61, is **GRANTED**.

Defendant Cryer asks for the disclosure of experts. ECF No. 61. The Court's

Arraignment Order ordered the parties to disclose the identity of any expert witness and

make all expert disclosures no later than 28 days before trial and make all rebuttal expert

disclosures no later than 14 days before trial. ECF No. 50 at 2. The parties shall follow the

deadlines in the Court's Arraignment Order.

3.      Defendant Cryer's Motion for Early Disclosure of Jencks Act Material, ECF

No. 62, and Defendant McKeever's Motion for Early Production of Jencks Materials, ECF

No. 54, are **DENIED**.

Defendant Cryer seeks disclosure of Jencks Act material not less than two weeks

prior to trial, ECF No. 62 at 1, while Defendant McKeever seeks disclosure at least three

weeks prior to trial. *See* ECF No. 54 at 1. The Government asks the Court to deny both

motions but has voluntarily offered to disclose such materials no later than three business

days prior to trial. *See* Gov't's Consol. Resp. at 14.

By its terms,

> [t]he Jencks Act does not compel the government to produce a
> statement or report of a government witness until after the
> witness has testified on direct examination, after which the
> defendant may move for the production of any statements in
> the government's possession made by that witness relating to
> the subject matter of his testimony.

*United States v. Green*, 151 F.3d 1111, 1115 (8th Cir. 1998); *see* 18 U.S.C. § 3500(b).

"Although in many cases the government freely discloses Jencks Act material to the

defense in advance of trial, the government may not be required to do so." *Green*, 151 F.3d

at 1115 (quotation omitted); *accord United States v. Wilson*, 102 F.3d 968, 971-72 (8th

Cir. 1996).

Both of Defendant's requests for early disclosure of Jencks Act materials are denied.

The Court encourages disclosure of such materials three days in advance of trial.

4.      Defendant Cryer's Motion for Government Agents to Retain Rough Notes,

ECF No. 63, Defendant McKeever's Motion for Retention of Tangible Evidence and Like

Materials, ECF No. 51, and Defendant Traxler's Motion for Government Agents to Retain

Rough Notes, ECF No. 71, are **GRANTED IN PART** and **DENIED IN PART**.

The requests for retention of rough notes are granted. To the extent that it has not

already done so, the Government shall direct its agents to preserve any rough notes

pertaining to this matter. To the extent that Defendants seek disclosure of rough notes, such

requests are denied. Law enforcement's rough notes are not considered Jencks Act material, *see United States v. Redding*, 16 F.3d 298, 301 (8th Cir. 1994) (finding that an agent's rough notes memorializing a witness's statements are not Jencks Act material), and are not considered discoverable statements of a government agent, *see United States v. Robinson*, 439 F.3d 777, 779-80 (8th Cir. 2006) ("Reports, memoranda, or other internal government documents created by a government agent in connection with the investigation or prosecution of the case are immune from discovery." (quotation omitted)).

5.      Defendant Cryer's Motion for Grand Jury Transcripts, ECF No. 64, is **DENIED**.

Defendant Cryer asks for grand jury transcripts to be disclosed at least two weeks in advance of the taking of testimony at trial. ECF No. 64. The Government argues that Defendant Cryer failed to make his required showing but has volunteered to produce at least three business days in advance, a copy of the only grand jury transcript of one of the government's agents if that agent testifies at trial. *See* Gov't's Consol. Resp. at 16.

"It has long been recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings. This principle is reflected in Rule 6(e) which establishes a general rule of confidentiality for all matters occurring before the grand jury." *United States v. McDougal*, 559 F.3d 837, 840 (8th Cir. 2009) (quotation and citation omitted). "Exceptions to the rule of nondisclosure will be made only where there is a 'particularized need.'" *United States v. Haire*, 103 F.3d 697, 699 (8th Cir. 1996); *accord United States v. Broyles*, 37 F.3d 1314, 1318 (8th Cir. 1994) ("It is well-established that a showing of 'particularized need' is necessary before the court will accede to such a

release.").

Defendant Cryer has not made any showing of a particularized need for grand jury materials. Therefore, his request for disclosure of grand jury materials is denied except to the extent the Government is otherwise obligated to disclose such materials. *See United States v. Daniels*, 232 F. App'x 611, 612 (8th Cir. 2007) (per curiam) (no abuse of discretion in denying motion for grand jury transcripts given defendant's "failure to make any showing in support of his request for them"); *Broyles*, 37 F.3d at 1318. Although Defendant's motion is being denied, the Court notes that the Government has represented that it will disclose the grand jury transcripts of the witnesses it intends to call at trial three business days prior to each witness's scheduled testimony.

6.    Defendant Cryer's Motion for Intent to Use Residual Hearsay Exception Under Rule 807, ECF No. 65, is **GRANTED IN PART** and **DENIED IN PART**.

Defendant Cryer seeks 30-day advance notice of statements under Federal Rule of Evidence 807(b). ECF No. 65 at 1. The Government acknowledges its obligation to comply with the notice requirements under Rule 807(b) and proposes disclosures within three weeks of trial. *See* Gov't's Consol. Resp. at 17. At the hearing, Defendant Cryer was agreeable to the three-week advance notice and therefore the Government shall disclose statements under Rule 807(b) three weeks before trial. To the extent Defendant's motion goes beyond this agreement the motion is denied.

7.    Defendant Cryer's Motion to Disclose and Make Informant Available for Interview and to Disclose Promises of Favorable Treatment, ECF No. 66, and Defendant McKeever's Motion to Reveal the Identities of Confidential Informants and Undercover

Officers, ECF No. 57, are **DENIED WITHOUT PREJUDICE**.

At the hearing and in its response, the Government represented that it is not aware of any informants in this case. *See* Gov't's Consol. Resp. at 15. Based on these representations the Court denies these motions as moot. These motions, however, are denied without prejudice to allow the issue to be revisited, if necessary.

8.    Defendant Cryer's Motion to Disclose Post-Conspiracy Statements of Co-Defendants or Unindicted Co-Conspirators, ECF No. 67, and Defendant McKeever's Motion for Disclosure of Post Conspiracy Statements of Co-Defendants, ECF No. 53, are **DENIED** to the extent Defendants seek disclosure under Federal Rule of Criminal Procedure 16 and **DENIED WITHOUT PREJUDICE** to the extent Defendants seek relief under *Bruton v. United States*, 391 U.S. 123 (1968).

Both Defendants move pursuant to Rule 16 and *Bruton*, for an order compelling the Government to disclose post-conspiracy statements of co-defendants and unindicted co-conspirators. *See generally* ECF Nos. 67 and 53. The Government confirms that it will continue to comply with its discovery obligations under Rule 16 but specifically objects to the disclosure of statements of unindicted co-conspirators arguing that Defendants fail to point to any binding authority requiring the disclosure of post-conspiracy statements other than through its obligations under the Jencks Act, *Giglio*, and *Brady*. *See* Gov't's Consol. Rep. at 13-14. The Government states that it will provide Defendants with all *Giglio* and Jencks Act materials of its testifying witnesses three business days prior to trial. *Id.* at 14.

The Court understands Defendants' reference to Fed. R. Crim. P. 16(c), which sets forth a party's continuing duty to disclose, in light of the present unknowns. Nevertheless

Rule 16 "does not cover testimony by a government witness as to an oral statement by a conspirator in the course of the conspiracy.  It covers oral statements made by [a] defendant 'in response to interrogation by any person then known to the defendant to be a government agent.'" *United States v. Hoelscher*, 914 F.2d 1527, 1535 (8th Cir. 1990) (quoting *United States v. Vitale*, 728 F.2d 1090, 1093-94 (8th Cir. 1984)). Rule 16 "stresses that only 'statements made by the defendant' are discoverable." *United States v. Manthei*, 979 F.2d 124, 126 (8th Cir. 1992). Therefore, the Court denies both motions and discovery requests insofar as they seek pretrial disclosure of statements or confessions of any co-defendant, co-conspirator, or co-participant pursuant to Rule 16.

Furthermore, *Bruton* held that the admission of an incriminating statement by a non-testifying co-defendant at a joint trial violates the defendant's rights under the Confrontation Clause. 391 U.S. at 137; *United States v. Singh*, 494 F.3d 653, 658 (8th Cir. 2007). "*Bruton*, however, does not preclude the admission of otherwise admissible statements by a co-conspirator under Rule 801(d)(2)(E)." *Singh*, 494 F.3d at 658 (citing *United States v. Mickelson*, 378 F.3d 810, 819 (8th Cir. 2004) ("However, when the statements are those of a co-conspirator and are admissible under Federal Rule of Evidence 801(d)(2)(E), the Sixth Amendment and *Bruton* are not implicated.")). Therefore, "co-conspirators' statements made in furtherance of a conspiracy and admitted under Rule 801(d)(2)(E) are generally non-testimonial and, therefore, do not violate the Confrontation Clause as interpreted by the Supreme Court." *Id.* (citing *Crawford v. Washington*, 541 U.S. 36, 51-54 (2004)); *see United States v. Lee*, 374 F.3d 637, 644 (8th Cir. 2004) (applying *Crawford* in holding that casual statements to an acquaintance, statements to a co-

10

conspirator, and business records are not testimonial).

At this time, it is not clear what evidence the Government will seek to introduce at trial and whether any *Bruton* issues will in arise. *See United States v. Needham*, No. 12-cr-206(5) (DWF/LIB), 2012 WL 6755386, at \*4 (D. Minn. Dec. 10, 2012), *report and recommendation adopted*, 2013 WL 25213 (D. Minn. Jan. 2, 2013); *United States v. Billups*, 442 F. Supp. 2d 697, 706 (D. Minn. 2006). These types of evidentiary issues are best left to the sound discretion of the district court at trial.

To the extent post-conspiracy statements of any co-defendant and co-conspirator are discoverable under *Brady*, the Jencks Act, or some other authority, the Court expects the Government will honor its disclosure obligations, including but not limited to its agreement to produce any such materials no later than three business days before trial. *See United States v. Abari*, No. 19-cr-103 (MJD/ECW), 2019 WL 2417711, at \*1 (D. Minn. June 10, 2019). Defendants' request for leave to file motions related to any *Bruton* issues, however, is premature and denied without prejudice.

9.    Defendant McKeever's Motion for Early Disclosure of all Rule 1006 Exhibits and all Supporting Exhibits, ECF No. 52, and Motion for Early Disclosure of Government Witnesses, ECF No. 55, are **DENIED**.

These motions are denied because any questions relating to the exchange of exhibits and witness lists will be decided by the trial judge.

10.    Defendant McKeever's Motion for Discovery, ECF No. 56, and Defendant Traxler's Request for Discovery and Inspection, ECF No. 73, are **GRANTED IN PART** and **DENIED IN PART**.

Defendants seek materials subject to disclosure under Rule 16(a) of the Federal Rules of Criminal Procedure. *See generally* ECF Nos. 56 and 73. The Government represents that it will continue to comply with its discovery obligations. Gov't's Consol. Resp. at 15.

"In most circumstances . . . a defendant must point to a statute, rule of criminal procedure, or other entitlement to obtain discovery from the government." *United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000). Defendants' motions are granted to the extent that responsive information subject to disclosure under Rule 16(a) remains in the Government's control and has not yet been produced. Both motions are further granted in part to the extent they seek discovery that the Government is otherwise obligated to disclose by law. While the Court has no reason to doubt that the Government will honor its continuing disclosure obligations under Rule 16(c), any responsive information or material subject to disclosure under Rule 16(a) that subsequently comes into the Government's possession, knowledge, or control shall be produced in a timely fashion. To the extent Defendants seek information or materials outside the Government's disclosure obligations under Rule 16(a) or that have already been produced, both motions are denied.

11.     Defendant McKeever's Motion for Disclosure of Exculpatory Evidence, ECF No. 58, is **GRANTED IN PART** and **DENIED IN PART**.

Defendant seeks disclosure of all favorable and exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny. ECF No. 58. The Government responds that it will continue to comply with its obligations under *Brady*, *Giglio*, and their progeny. Gov't's Consol. Resp. at 15.

"The Due Process Clause of the Fifth Amendment requires the government to disclose to the accused favorable evidence that is material to guilt or punishment." *United States v. Dones-Vargas*, 936 F.3d 720, 722 (8th Cir. 2019) (citing under *Brady*, 373 U.S. at 87). "*Brady* is not a discovery rule, but a rule of fairness and minimum prosecutorial obligation." *Miller*, 698 F.3d at 704. "*Brady* does not require pretrial disclosure, and due process is satisfied if the information is furnished before it is too late for the defendant to use it at trial." *United States v. Almendares*, 397 F.3d 653, 664 (8th Cir. 2005).

Further, "[t]he [Supreme] Court has extended *Brady* protection to witness-credibility evidence when the reliability of the witness 'may well be determinative of guilt or innocence.'" *United States v. Sigillito*, 759 F.3d 913, 930 (8th Cir. 2014) (quoting *Giglio v. United States*, 405 U.S. 150, 154 (1972)); *see also United States v. Whitehill*, 532 F.3d 746, 753 (8th Cir. 2008) ("*Brady* applies to exculpatory and impeachment evidence, whether or not the accused has specifically requested the information." (citations omitted)). "One reason for this extension to witness-credibility evidence is because exposure of a witness's motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." *Sigillito*, 759 F.3d at 930 (quotation omitted). The Eighth Circuit Court of Appeals "ha[s] determined that witness motivations, like the payment of money as an incentive to change testimony, fall within the *Brady* disclosure requirement." *Id.* (citing *United States v. Librach*, 520 F.2d 550, 554 (8th Cir. 1975)). "Furthermore, the prosecutor must disclose the possibility of a reward that gives the witness a personal stake in the defendant's conviction." *Sigillito*, 759 F.3d at 930 (citing *United States v. Bagley*, 473 U.S. 667, 683 (1985)).

13

Nevertheless, "[a] federal criminal defendant generally has no right to know about government witnesses prior to trial." *United States v. Polk*, 715 F.3d 238, 249 (8th Cir. 2013) (quotation omitted); *see United States v. Hamilton*, 452 F.2d 472, 479 (8th Cir. 1971) ("The request for statements of witnesses not to be called at trial is merely another way of determining whether the co-conspirators named in the indictment would be witnesses at trial, . . . [and] the identity of witnesses is information the government is not normally required to supply to the criminal defendant." (quotation omitted)); *United States v. Wisman*, No. 4:06CR0036 DJS/TCM, 2006 WL 587601, at *2 (E.D. Mo. Mar. 9, 2006) ("The statements of a non-witness are not discoverable.").

Defendant McKeever's motion is granted in part to the extent that the Government shall comply fully with its obligations under *Brady*, *Giglio*, and their progeny. If the Government later discovers additional exculpatory or impeachment evidence, it shall disclose such evidence as soon as practicable after such discovery. To the extent Defendant McKeever seeks disclosures outside of the Government's obligations under these authorities or seeks materials that have already been produced, such requests are denied. *See Johnson*, 228 F.3d at 924 ("Criminal defendants do not have a general constitutional right to discovery."). Further, to the extent that Defendant McKeever requests statements of non-testifying witnesses not otherwise encompassed within the Government's disclosure obligations, such requests are denied. *See Hamilton*, 452 F.2d at 479; *Wisman*, 2006 WL 587601, at *2.

12.    Defendant McKeever's "Pro Se Additional Motion", ECF No. 87, is **DENIED**.

Defendant McKeever's additional motion which was permitted per ECF No. 84, is comprised of numerous sovereign citizen arguments. *See* ECF No. 87. Defendant McKeever argues that there is no standing because "[t]he United States of America is a registered corporate entity . . . and is not a sovereign or living party capable of bringing criminal claims." *Id.* at 2. Defendant McKeever's arguments focus on challenging standing and jurisdiction, further arguing violations of administrative procedures and contending that consumer financial fraud occurred. *Id.* at 2-5. All these arguments are sovereign citizen arguments. And as the Government persuasively argues, "[e]ach of Mr. McKeever's arguments is entirely frivolous." Gov't's Consol. Resp. at 1, ECF No. 89.

It is settled that sovereign citizen arguments and the type of arguments before the Court "are completely without merit, patently frivolous, and will be rejected without expending any more of this Court's resources on their discussion." *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992). The Court need not spend any additional time on these frivolous arguments. *See, e.g.*, *United States v. Sileven*, 985 F.2d 962, 970 (8th Cir. 1993) (finding similar sovereign citizen arguments "plainly frivolous" and finding further discussion unnecessary); *United States v. Graham*, No. 19-cr-1852 (SRN/KMM), 2020 WL 614808, at *3 (D. Minn. Feb. 10, 2020) ("Sovereign Citizen arguments have been repeatedly and soundly rejected by all courts that consider them, and therefore, require no analysis."). The motion is denied.

Furthermore, Defendant McKeever's arguments relating to probable cause, *see* ECF

15

No. 87 at 2-3, are similarly meritless and therefore denied. There is nothing in the record supporting the need for a "verified complaint" in this matter or that the Court set bail without probable cause. There is also no legal basis for dismissal based on Defendant McKeever's warning to the Court of "criminal consequences" if this criminal case against him continues. *See* id. at 5. These arguments are frivolous and are denied. The Court will not consider Defendant McKeever's reply to the Government's responses because neither the Court's Order, ECF No. 84, nor Rule 12 permit a reply.

Likewise, the Court will not consider Defendant McKeever's untimely "Pro Se Motion to Compel Discover", ECF No. 95. Wrapped up into his reply, Defendant McKeever also files a motion to compel discovery past the February 10, 2025, deadline. *See* ECF No. 84. Defendant McKeever also did not make a good cause showing for his untimely pretrial motion according to the federal rules. Nevertheless, this motion is somewhat duplicate of Defendant McKeever's Motion for Discovery, ECF No. 56, which he adopted, *see* ECF No. 84, and was granted in part and denied in part as discussed above. Defendant McKeever recently filed four additional untimely motions, *see* ECF Nos, 97, 98, 99, and 100, and those are similarly denied for failure to show good cause. Accordingly, these untimely motions, ECF Nos. 95, 97, 98, 99, and 100, are denied without prejudice to afford Defendant McKeever the opportunity to make his good cause showing.

13.    All prior consistent orders remain in full force and effect.

14.    Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.

Date: March 20, 2025                         _s/Tony N. Leung_
                                             Tony N. Leung
                                             United States Magistrate Judge
                                             District of Minnesota


                                             *United States v. Cryer et al.*
                                             Case No. 24-cr-206 (JMB/TNL)