## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

United States of America,

               Plaintiff,

v.

Amir Raheem McKeever,

               Defendant.

File No. 24-CR-00206(2) (JMB/SGE)

**ORDER**

---

Raphael Coburn, United States Attorney's Office, Minneapolis, MN for Plaintiff United States of America.

Defendant Amir Raheem McKeever, Sherburne County Jail, Elk River, MN, self represented.

---

This matter is before the Court on the Report and Recommendation (R&R) of United States Magistrate Judge Shannon G. Elkins, dated June 13, 2025. (Doc. No. 130.) The R&R recommends denying Defendant Amir Raheem McKeever's Motion to Dismiss for Lack of Jurisdiction (Doc. No. 87), Motions to Dismiss Indictment (Doc. Nos. 95, 97), and Motion for a Writ of Mandamus (Doc. No. 97). (*See* Doc. No. 130.) McKeever makes several objections to the R&R. (Doc. No. 133.) The Government responded to McKeever's objections, resting on its prior filings and the R&R. (Doc. No. 135.) For the reasons discussed below, the Court overrules McKeever's objections, adopts the R&R, and denies the motions.

## BACKGROUND

The factual background for this matter is set forth in the R&R and is incorporated here by reference. Therefore, the Court provides only a brief procedural history.

In July 2024, McKeever was charged by Indictment for the following criminal offenses: conspiracy to distribute methamphetamine and cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; possession with intent to distribute methamphetamine and cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A); two counts of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8); and possessing a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1)(A). (Doc. No. 1.) McKeever filed pretrial motions, several of which are before the Court. Specifically, McKeever filed a Motion to Dismiss for Lack of Jurisdiction (Doc. No. 87), two Motions to Dismiss Indictment due to insufficient statement of the offenses and due to prosecutorial misconduct (Doc. Nos. 95, 97), and a Motion for a Writ of Mandamus (Doc. No. 97). On June 13, 2025, the Magistrate Judge issued an R&R, which recommends denying each of these three motions. (Doc. No. 130.) The Magistrate Judge also issued an order on various non-dispositive issues raised in McKeever's pleadings.

## DISCUSSION

McKeever objects to the Magistrate Judge's recommended denial of his motion to dismiss for lack of jurisdiction and his two other motions to dismiss the indictment. (Doc. No. 133.) He does not raise any explicit challenges to the recommended denial of his motion for a writ of mandamus or make any well-developed challenges to the Magistrate Judge's non-dispositive decisions. The Court addresses all of these in turn.

2

I.      **OBJECTED-TO RECOMMENDATIONS**

A.      **Motion to Dismiss for Lack of Jurisdiction**

First, the Magistrate Judge recommends denying McKeever's Motion to Dismiss for Lack of Jurisdiction. (Doc. No. 130 at 3–4.) McKeever objects to this recommendation, contending that the Magistrate Judge's recommendation does not adequately establish the Court's subject matter jurisdiction over McKeever's alleged criminal offenses. (Doc. No. 133 at 1–2.) Based on a de novo review of this motion, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b), the Court finds that it has subject matter jurisdiction over the criminal offenses charged in the Indictment.

In his motion to dismiss for lack of jurisdiction, McKeever argues that the Court lacks Article III standing and subject matter jurisdiction. (*See* Doc. No. 87.) Under Article III, Section 2, Clause 1, of the United States Constitution, federal courts have jurisdiction in all cases "arising under" the constitution and laws of the United States. U.S. Const. Art. III, § 2, cl. 1. Additionally, Congress has vested federal courts with subject matter jurisdiction over cases involving "offenses against the laws of the United States." 18 U.S.C. § 3231. Section 3231's language is sweeping and "opens federal district courts to the full range of federal prosecutions for violations of federal criminal law." *Turkiye Halk Bankasi A.S. v. United States*, 598 U.S. 264, 269 (2023).

McKeever has been charged with violating 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, as well as 18 U.S.C. §§ 922(g)(1), 924(a)(8), and 924(c)(1)(A). These charges come from the U.S. Code, which is comprised of the laws enacted by Congress or, in other words, laws of the United States. As a federal district court, this Court has subject matter

jurisdiction over McKeever's alleged criminal offenses, which were "against the laws of the United States." 18 U.S.C. § 3231. Therefore, the Court overrules McKeever's objection, adopts the R&R, and denies the motion to dismiss for lack of jurisdiction.

### B.    Sufficiency of the Indictment

Next, the Magistrate Judge recommends denying McKeever's Motions to Dismiss the Indictment. (Doc. No. 130 at 5–9.) McKeever objects to this recommendation, reiterating his arguments that the Indictment does not adequately inform him of the nature and cause of the accusations against him. (Doc. No. 133 at 2.) He also takes issue with the fact that the Indictment does not "distinctly disclose the legal theory of the prosecution." (*Id.*) Upon reviewing these motions de novo, the Court finds that the Indictment is legally sufficient.[1]

An indictment is legally sufficient "if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." *United States v. Fleming*, 8 F.3d 1264, 1265 (8th Cir. 1993). An indictment is "sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense" against the defendant. *Id.* "[A]n indictment

---

[1] McKeever's motions also could be construed as requesting dismissal due to prosecutorial misconduct. The Magistrate Judge addressed this basis for the motions and set forth separate grounds for rejecting this basis for dismissal of the Indictment. (*See* Doc. No. 130 at 7–9.) McKeever does not object to that portion of the recommendation. Nevertheless, the Court has reviewed the Magistrate Judge's analysis de novo and concurs with the unobjected-to conclusion that McKeever's allegations of prosecutorial misconduct and obstruction of justice lack merit and do not justify dismissal of the Indictment. The Court, therefore, also adopts that portion of the R&R.

provides sufficient specific facts constituting the offense if it apprises the defendant of the time frame of the drug conspiracy and the type of drugs involved." *United States v. Huggans*, 650 F.3d 1210, 1218 (8th Cir. 2011) (quotation omitted). "[A]n indictment need not make clear the particular legal theory of liability that the Government will use to establish a particular element of an offense." *United States v. Broussard*, No. 19-CR-101 (SRN/KMM), 2021 WL 4191435, at *6 (D. Minn. Sept. 15, 2021); *see also United States v. Zackery*, 494 F.3d 644, 649 (8th Cir. 2007) ("An indictment need not plead the government's theory of liability."). For the following reasons, the Indictment is legally sufficient to inform McKeever of the charged offenses.

The Court has reviewed the Indictment and finds that the Indictment's allegations in each of the five Counts against McKeever contain all of the essential elements of the offenses charged. Specifically, each of the five Counts tracks with the language of the relevant statute. They also identify the relevant time frame and location. The drug offenses identify the types of drugs involved. The firearm offenses list the specific firearm possessed. In sum, these allegations fairly inform McKeever of the charges against which he must defend. The Government need not make clear the particular legal theory of liability in the Indictment. Therefore, the Court overrules McKeever's objection, adopts the R&R, and denies the motions to dismiss the indictment.

## II.    REMAINING UNOBJECTED-TO RECOMMENDATION

The Magistrate Judge also recommends denying McKeever's Motion for a Writ of Mandamus. (Doc. No. 130 at 13.) McKeever does not object to this recommendation. (Doc. No. 133). Nevertheless, after conducting a de novo review, the Court discerns no

error concerning this recommendation and concurs in the Magistrate Judge's analysis. Therefore, the Court adopts this portion of the R&R and denies the motion for a writ of mandamus.

## III.    REMAINING NON-DISPOSITIVE DECISONS

To the extent that McKeever's objections raise challenges to the Magistrate Judge's denial of his motions requesting a bill of particulars (Doc. Nos. 95, 97) and motions requesting the Court to compel an audit trail of the grand jury proceedings (Doc. Nos. 95, 97), the Court reviews the Magistrate Judge's Order on those motions (Doc. No. 131) and finds that the Magistrate Judges rulings were not clearly erroneous or contrary to law.

District courts review magistrate judge orders on non-dispositive pretrial matters with extreme deference. *Coons v. BNSF Ry. Co.*, 268 F. Supp. 3d 983, 991 (D. Minn. 2017). The Court will reverse such orders only when the magistrate judge's decision is clearly erroneous or contrary to law. *Id.*; *see* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. L.R. 72.2(a)(3). A decision is "clearly erroneous" when "the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Coons*, 268 F. Supp 3d at 991. A decision is "contrary to law" when it "fails to apply or misapplies pertinent statutes, case law or rules of procedure." *Id.*

The Magistrate Judge characterized McKeever's requests as moving for sanctions, to compel discovery (specifically, for disclosure of grand jury materials and other information about the grand jury including a list of the jurors, dates and times of sessions, voting records, and chain-of-custody evidence), and for a bill of particulars pursuant to Federal Rule of Criminal Procedure 7(f). (Doc. No. 131 at 3.) The Court agrees with the

6

Magistrate Judge's characterizations of McKeever's requests.  In addition, the Court concurs with the Magistrate Judge's analysis and, therefore, discerns no clear error.  The Magistrate Judge's rulings were not contrary to law or otherwise erroneous.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The Court OVERRULES Defendant Amir Raheem McKeever's Objection (Doc. No. 133) to the R&R.

2. The Court ADOPTS the R&R (Doc. No. 130).

   a. McKeever's Motion to Dismiss for Lack of Jurisdiction (Doc. No. 87) is DENIED.

   b. McKeever's Motions to Dismiss the Indictment (Doc. Nos. 95, 97) are DENIED.

   c. McKeever's Motion for a Writ of Mandamus (Doc. No. 97) is DENIED.

3. The non-dispositive decisions of the Magistrate Judge (Doc. No. 131) are AFFIRMED.

Dated:  August 12, 2025

/s/ *Jeffrey M. Bryan*
Judge Jeffrey M. Bryan
United States District Court